IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| GUILLERMO R. NAVARETTE, Jr., | : | CIV. NO. 22-1789 (RMB) |
| | : | |
| Petitioner | : | |
| v. | : | **OPINION** |
| | : | |
| | : | |
| STEPHEN SPAULDING, | : | |
| WARDEN USP LEWISBURG, | : | |
| | : | |
| Respondent | : | |

**RENÉE MARIE BUMB, United States District Judge**

This matter comes before the Court upon Petitioner Guillermo R. Navarette Jr.'s ("Petitioner") petition for writ of habeas corpus under 28 U.S.C. § 2241 (Pet., Docket No. 2); Respondent's answer and opposition to habeas relief (Docket No. 8); and Petitioner's letter in response to Respondent's answer. (Docket No. 9.) For the reasons discussed below, the Court will dismiss the habeas petition without prejudice because Petitioner did not exhaust administrative remedies.

I.   **DISCUSSION**

Petitioner, who was confined in the Federal Correctional Institution in Fort Dix, New Jersey when he filed the present petition,[1] which was transferred to this Court from the United States District Court for the Central District of California, seeks

---

[1] Petitioner is now incarcerated in USP Lewisburg in Lewisburg, Pennsylvania. Therefore, the Court has substituted Petitioner's custodian, Stephen Spaulding, Warden of USP Lewisburg, as Respondent in this matter. *See, Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("in habeas challenges to present physical confinement-"core challenges"-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held….")

30 months of credit against his federal sentence for time served on a prior state conviction. (Pet., Docket No. 2.) Respondent filed an answer to the petition and argued, in part, that the petition should be dismissed for failure to exhaust administrative remedies. (Answer, Docket No. 8 at 3, citing Declaration of Corrie Dobovich, Att. C (Admin. Remedy Generalized Retrieval). In reply to the answer, Petitioner filed a letter brief, acknowledging his failure to exhaust administrative remedies and seeking to withdraw the petition until he exhausts his administrative remedies, which he has since begun, or for the Court to stay the case pending exhaustion. (Letter, Docket No. 9.)

Prior to seeking habeas relief in district court under 28 U.S.C. § 2241, a petitioner must first exhaust his administrative remedies. *Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-62 (3d Cir. 1996). Petitioner states that he was unaware of this requirement and has started the administrative remedy process. He seeks to withdraw or stay the habeas petition pending exhaustion. This Court will dismiss the petition without prejudice for failure to exhaust. Petitioner may file a new petition upon exhaustion.

II.   **CONCLUSION**

For the reasons discussed above, the Court will dismiss the habeas petition under 28 U.S.C. § 2241 without prejudice. An appropriate Order follows.

Dated:  June 23, 2022

                                  s/Renée Marie Bumb
                                  **RENÉE MARIE BUMB**
                                  **United States District Judge**